TEXAS & PACIFIC RAILWAY COMPANY ET AL. v. HORNE & WARREN.

Decided June 20, 1906.

**1.—Assignments and Propositions—Inconsistent Charges.**

An assignment of error and proposition complaining of the charges given as inconsistent and contradictory followed by a statement giving five different instructions, embracing four pages of printed matter, without pointing out wherein the inconsistency lies, will not be considered.

**2.—Connecting Lines—Delivery—Harmless Error.**

In a suit for damages in the transportation of live stock over two connecting lines of railway, errors in the instructions as to what would constitute delivery by the first line to the second are harmless as to the latter, where

the verdict shows that all damages prior to the receipt of the shipment by it were assessed only against the initial carrier.

Appeal from the County Court of Bowie County.  Tried below before Hon. Sam. H. Smelser.

*Spoonts & Thompson, Charles S. Todd* and *Marshall Spoonts,* for the Fort Worth & D. C. Ry. Co., appellant.

*T. J. Freeman* and *Glass, Estes & King,* for the Texas & Pac. Ry. Co., appellant.

*Hart, Mahaffey & Thomas,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellees brought this suit against the Texas & Pacific Railway Company and the Fort Worth & Denver City Railway Company to recover damages for injuries to a shipment of horses from Claude, Texas, to Texarkana, Texas.  The plaintiff recovered $600 against the Fort Worth & Denver City Railway Company and $398.25 against the Texas & Pacific Railway Company, and both defendants have appealed.

By its first assignment of error, it is contended by the Fort Worth & Denver road that the court should have instructed a verdict for it. We overrule this assignment, because there was testimony tending to show that it was liable.

By its second assignment that road contends that a requested charge should have been given limiting its liability to $205, the value of four horses which died at Fort Worth.  This assignment is also overruled, because there was testimony tending to show that other animals were injured while in the possession of that road.

The third and last assignment of the Fort Worth & Denver road charges that the court erred in giving to the jury special charges 1, 2 and 3 requested by the Texas & Pacific Railway Company.  The only proposition submitted under that assignment is the general proposition that when the charge of the court is so inconsistent and conflicting as to render it impossible for the jury to find a verdict in accordance with its terms, the verdict should be set aside.  The statement under this proposition consists of copies of the special charges complained of, and copies of special charges numbers 2 and 3, asked by the Fort Worth & Denver City Railway Company.  Nowhere in appellant's brief is it stated in what respect or to what extent the charges referred to are in conflict.  They cover four pages of the printed brief, and as counsel for the complaining appellant have not seen proper to specifically point out wherein they are supposed to be in conflict, we do not feel called upon ourselves to institute a comparison in order to ascertain if such conflict exists.

Taking up the appeal of the Texas & Pacific Railway Company, we overrule the first assignment complaining of the court's charge in reference to the measure of damages.  While the charge might have been so framed as to express the measure of damages more accurately, we find no positive error in it, and do not think the jury were misled by it.

The other assignments of this appellant seeking a reversal on account of instructions given to the jury in reference to the question of delivery by the Fort Worth & Denver City Railway to the Texas & Pacific Railway, are overruled. The $600 verdict against the Fort Worth & Denver road renders it quite certain that the Texas & Pacific road was not held liable for any injury that occurred to the animals until after the shipment had unquestionably come into the actual possession of that road, and it had issued and delivered its bill of lading therefor. The testimony shows that the shipment reached Fort Worth about 2 o'clock p. m. on the 20th of October; that the Fort Worth & Denver road attempted to make delivery to the Texas & Pacific road, which the latter declined to accept; that thereafter, by contract between the two roads, the Fort Worth & Denver road caused the cars in which the animals were loaded to be carried to the Fort Worth Stock Yards, where they remained until late in the afternoon of October 21, when they were loaded upon the cars of the Texas & Pacific Railroad and carried to the depot of that road. By assessing the damages against the other road to the extent of $600, we think it is manifest that the jury held that that road alone, and not the Texas & Pacific, was liable for all injuries sustained by the animals up to the time they were placed upon the cars of the latter road. This being the result of the trial, if there was error committed in giving instructions defining what would constitute a delivery by the one road to the other, such error was harmless, as it did not injuriously affect the Texas & Pacific road.

The other assignments complaining of the action of the court in admitting certain testimony and of the verdict of the jury, are not regarded as tenable, and are also overruled.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*